PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 4:19-CR-56-5 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| THOMAS BAILEY, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |

    The Government filed a Notice of Potential Conflict as to Defendant Thomas Bailey. ECF No. 71. Defendant Thomas Bailey filed a response to the Government's notice (ECF No. 72) and, upon prompting by the Court, filed two supplemental responses (ECF Nos. 75 and 76). To the second supplemental response, Defendant attached a sworn affidavit of waiver of his right to conflict-free counsel. ECF No. 76-1. For the following reasons, the Court accepts Defendant's waiver of conflict-free representation and finds that a hearing is unnecessary.

**I.**

    Julie Morgan, a retired special agent of the Federal Bureau of Investigation, was hired as an investigator by law firm Flannery | Georgalis, LLC. ECF No. 71 at PageID #: 339. Morgan, up until her retirement from the FBI a month before the presentation of this matter to the grand jury, was one of the lead government agents in the investigation of the case. *Id.* Flannery | Georgalis represents Defendant Thomas Bailey in this matter. *Id.*

(4:19-CR-56-5)

The Government filed a Notice of Potential Conflict, expressing concern that (1) the implications and limitations of 18 U.S.C. § 207 and the Rules of Professional Responsibility may create a conflict that cannot be avoided or waived, and (2) if the Government called Morgan as a witness, she would be cross-examined by an attorney at Flannery | Georgalis, creating a conflict. *Id.* at PageID #: 340.

Defendant retorts that Morgan was, at all times, completely screened from any participation in Defendant's representation. ECF No. 72 at PageID #: 345. Further, Defendant alleged that, if the Government calls Morgan as a witness, Defendant's co-counsel, who is not associated with Flannery | Georgalis, would be tasked with cross-examining Morgan. *Id.* at PageID #: 352.

The Court ordered Defendant to file a supplemental response informing the Court of his knowledge of the circumstances leading to the possible conflict and whether he waives any actual or serious potential for conflict. Defendant responded by filing an unsworn signed waiver, attached to his supplemental response. ECF No. 75. Defendant also noted in his supplemental response that Morgan's employment with Flannery | Georgalis had ended, seven weeks after she was hired. *Id.* at PageID #: 390.

Based on the record before it, the Court determined that a hearing would not be required to resolve the Government's Notice of Potential Conflict, if Defendant upgraded his signed waiver to a sworn affidavit, and no party objected to resolution without a hearing.

2

(4:19-CR-56-5)

Defendant filed a second supplemental response, attaching Defendant's sworn, notarized affidavit of waiver of potential conflict as an exhibit. ECF No. 76. Defendant also indicated that the Government has no objection to resolving this matter without a hearing. *Id.* at PageID #: 400.

## II.

### A.

A defendant has a Sixth Amendment right to conflict-free counsel. *E.g.*, *United States v. Hunter*, 558 F.3d 495, 506 (6th Cir. 2009). The right to conflict-free counsel may nonetheless be waived if waiver is "voluntary . . . and constitute[s] a knowing and intelligent relinquishment or abandonment of a known right or privilege[.]" *United States v. Straughter*, 950 F.2d 1223, 1234 (6th Cir. 1991) (quoting *Edwards v. Arizona*, 451 U.S. 477, 482 (1981)). An express written statement of waiver is "usually strong proof of the validity of that waiver." *See generally North Carolina v. Butler*, 441 U.S. 369, 373 (1979) (in the context of waiver of *Miranda* rights).

Defendant, through his sworn affidavit, identifies the factual basis of the potential conflict of interest. ECF No. 76-1 at PageID #: 402. He further swears that, after being informed of the Government's Notice of Potential Conflict of Interest, he consulted with Angelo Lonardo, an attorney who has no association with Morgan or Flannery | Georgalis. *Id.* at PageID #: 403. Attorney Lonardo was supplied with documentation relevant to the potential conflict of interest. *Id.* Defendant avers he discussed with Attorney Lonardo all of the risks and benefits that could arise from his retention of Flannery | Georgalis, including his understanding that his waiver of

(4:19-CR-56-5)

this conflict of interest would prevent him from raising his right to conflict-free representation as an issue on appeal.[1] *Id.* Nonetheless, Defendant desires to retain Flannery | Georgalis as his counsel in this matter. *Id.* at PageID #: 404.

After review of Defendant's sworn affidavit, the Court concludes that Defendant's waiver was made knowingly, intelligently, and voluntarily.

**B.**

Though the court must "recognize a presumption in favor of a defendant's counsel of choice, that presumption may be overcome by *either* a showing of actual conflict or a showing of serious potential for conflict." *Serra v. Michigan Dep't of Corr.*, 4 F.3d 1348, 1354 (6th Cir. 1993). Under such a circumstance, the Court may reject a defendant's proffer of waiver. *United States v. Collins*, 434 F. App'x 434, 441 (6th Cir. 2011). "The evaluation of the facts and circumstances of each case . . . must be left primarily to the informed judgment of the trial court." *Wheat v. United States*, 486 U.S 153, 164 (1988).

The parties have not identified any actual conflict of interest in this matter. Nor is the Court aware of any actual conflict of interest. Defendant has adequately responded to the Government's concerns raised in its Notice of Potential Conflict, and is satisfied that the potential conflict identified is not so great that a rational defendant would not waive it. *See Collins*, 434 F. App'x at 441 (no abuse of discretion when district court was unaware of an actual

---

[1] By this writing, the undersigned informs Defendant Bailey that the waiver would also apply to any post-conviction proceeding.

4

(4:19-CR-56-5)

conflict and found that the potential conflict was not so great that no rational defendant would waive it).

### C.

The Government has not objected to Defendant's responses to its Notice or the resolution of this issue without a hearing. When the facts as to the conflict of interest inquiry are uncontested, a hearing is not required. *United States v. Mays*, 69 F.3d 116, 121 (6th Cir. 1995). Under such circumstances, a waiver hearing "would be a *pro forma* waste of judicial resources." *Id.* at 122. Accordingly, the Court finds that a hearing is unnecessary in this instance.

### III.  Conclusion

Based on the credible record established, the Court makes the following findings.

- The Court finds no evidence of actual conflict of interest.

- With the steps taken to segregate Julie Morgan while employed at Flannery | Georgalis, her recent separation from that firm, and the steps taken by that firm to ensure that a non-member of the firm examine her should she be called as a witness, the Court finds the likelihood of serious potential conflict of interest is minimal.

- The Court finds that Defendant Thomas Bailey has been made aware of his right to conflict-free counsel and the risks attendant to the circumstances of his present legal representation by Flannery | Georgalis, and, so informed, has knowingly, intelligently, and, after consultation with independent counsel, voluntarily waived his right to conflict-free counsel in a sworn affidavit.

(4:19-CR-56-5)

- The Court finds that a hearing is unnecessary.

Accordingly, the Court accepts Defendant Thomas Bailey's sworn affidavit and his decision to retain the lawyers at Flannery | Georgalis as defense counsel.

IT IS SO ORDERED.

| | |
|---|---|
|   May 24, 2019   |   */s/ Benita Y. Pearson*   |
| Date | Benita Y. Pearson<br>United States District Judge |